IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MARGARET BOERSMA, | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:19-cv-649 |
| UNUM LIFE INSURANCE COMPANY OF AMERICA and UNUM GROUP CORP., | § | Judge Trauger |
| Defendants. | § | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **adopted**.

A. **JURISDICTION**. The Court has "federal question" jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Jurisdiction is not disputed

B. **BRIEF THEORY OF THE PARTIES**:

1) <u>Plaintiff's theory of the case</u>:

Plaintiff became disabled in 2017 due to several conditions including rheumatoid arthritis, fibromyalgia, peripheral neuropathy, and bilateral carpal tunnel syndrome. Initially, she applied for long term disability and was awarded benefits by the Defendant until August 27, 2018, when she was denied benefits.

This denial was based on a flawed medical examination scheduled by Defendant. Plaintiff appealed the denial and submitted substantial evidence showing that she remained disabled under the Plan. The denial was upheld on appeal primarily based on, again, the flawed medical examination.

Plaintiff's Life Waiver of Premium was also denied for the same reasons as the long term disability denial.

Plaintiff seeks reinstatement of her LTD and LWOP benefits, an award of the unpaid disability benefits due under the applicable ERISA employee welfare benefit plan pursuant to ERISA § 502(a)(1)(B), and reasonable attorneys' fees.

2) <u>Defendant's theory of the case</u>:

Defendants contend that Plaintiff does not meet the definition of disability under the applicable terms of the Policy at issue, including, but not limited to, the "your regular occupation" provision of the Policy. Defendants paid LTD benefits under reservation of rights from January 4, 2018, to August 27, 2018, while it reviewed Plaintiff's claim. Defendants eventually determined that Plaintiff was not eligible for LTD benefits after a thorough review of Plaintiff's medical records. Specifically, multiple physicians, including an external physician that performed an independent medical examination of Plaintiff, found that the objective medical evidence did not support Plaintiff's reported restrictions and limitations. Based on the findings of these physicians, Defendants determined that Plaintiff does not meet the definition of disability under the Policy, and, consequently, LTD benefits are not payable under the Policy. In addition, because she does not meet the definition of disability, Plaintiff is not eligible to receive a waiver of her life-insurance premiums under a separate group life-insurance policy with Defendants.

C. **ISSUES RESOLVED:**

1) The Parties agree that jurisdiction and venue is appropriate;

2) The Parties agree that no grant of discretion was provided therefore the applicable standard of review is *de novo*.

D.  **ISSUES STILL IN DISPUTE:**

1) The Parties dispute whether Plaintiff is entitled to benefits under the applicable ERISA Plans.

E.  **INITIAL DISCLOSURES**.  The Parties have not yet exchanged initial disclosures.  The Parties' positions regarding initial disclosures are as follows:

1) Plaintiff believes initial disclosures are appropriate and should be made, but that the parties' obligations under Fed. R. Civ. P. 26(a) are satisfied by the Defendants providing Plaintiff with a copy of those documents which each Defendant contends comprise the ERISA Record on or before October 30, 2019.

2) Defendants' position is that, because this matter will be decided on the Administrative Record, initial disclosures are not required pursuant to Fed. R. Civ. P. 26(a)(1)(B). Nevertheless, Defendants agree to serve the Administrative Record on or before October 30, 2019.

F.  **DISCOVERY**:  No party has served discovery at this time. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

1) Plaintiff's position is: Given the *de novo* review, Plaintiff will not seek conflict or bias evidence related to Unum's handling of her claim. *See, Quarles v. Hartford Life & Accident Ins. Co.*, No. 3:15-CV-372-DJH-CHL, 2018 WL 523211, at *2 (W.D. Ky. Jan. 23, 2018)(compiling cases holding that bias and conflict of interest discovery is not relevant to a case where de novo review applies).  However, discovery into the credibility of the medical

3

opinion givers Defendants will ask the Court to rely on is appropriate as the Court will be deciding which opinion giver to credit. Understanding the physician's credentials, the basis for their opinions, and their relationship with Unum is relevant and discovery into that limited aspect of this case is warranted. Additionally, Plaintiff has placed the credibility of the Defendant's medical exam provider directly at issue by alleging that she misrepresented the examination she performed in her report. *See, Edwards v. Blue Cross & Blue Shield of Georgia, Inc.*, No. 1:14-CV-2626-CC, 2015 WL 12856454, at *4 (N.D. Ga. Sept. 30, 2015)(granting discovery into reviewing physician credibility/neutrality under de novo review, and noting that this issue is even more important when a party calls into question the credibility); See, Complaint, at paras., 24-30. Accordingly, Plaintiff proposes that the parties shall complete all written discovery and depose all fact witnesses on or before January 6, 2020;

  2) Defendants' position is that, because the claims decision in this case is subject to *de novo* review, discovery outside the administrative record is not appropriate. The vast majority of district court within the Sixth Circuit that have addressed the issue have held that an ERISA plaintiff is not entitled to discovery when the administrator's decision is subject to *de novo* review. *E.g.*, *Quarles v. Hartford Life & Accident Ins. Co.*, No. 3:15-CV-372-DJH-CHL, 2018 WL 523211, at *2 (W.D. Ky. Jan. 23, 2018) (compiling cases). Defendants propose the following schedule concerning the administrative record and limited discovery:

> i. Defendants shall file with the Court and make available to Plaintiff's counsel the Administrative Record no later than **October 30, 2019**.
>
> ii. Should Plaintiff have any objection to the content of the Administrative Record, such objection will be filed no later than **November 29, 2019**.

4

iii. Should Plaintiff wish to pursue limited discovery, she shall serve it on counsel for Defendants no later than **November 29, 2019**.

iv. Within thirty days of service of any discovery served by Plaintiff, Defendants shall: (i) respond to the proposed discovery; or (ii) object if it is their position that Plaintiff is not entitled to conduct discovery or that all or a portion of the proposed discovery is outside the bounds of discovery permitted in a claim seeking the recovery of an ERISA benefit. If Defendants so object, the parties shall endeavor in good faith to resolve any disputes related to the proposed discovery between themselves. Should the parties be unable to resolve their differences, they shall schedule and participate in a conference telephone call with Judge Trauger. Motions concerning discovery shall not be filed until after the parties have conferred in good faith and scheduled and participated in a call with Judge Trauger.

G. **MOTIONS TO AMEND**: The parties shall file all Motions to Amend on or before **November 1, 2019**.

H. **DISPOSITIVE MOTIONS**: The Parties shall file their respective motions for summary judgment and/or motions for judgment pursuant to *Wilkins v. Baptist Healthcare*, 150 F.3d 609 (6th Cir. 1998), on or before **March 1, 2020**. Responses to motions for judgment are due within 28 days of said motions being filed. Optional reply briefs may be filed within 14 days of the responses.

Briefs shall not exceed 20 pages. No Motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate

motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel and the court.

I. **ELECTRONIC DISCOVERY**. The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174-1 need not apply to this case.

J. **ESTIMATED TRIAL TIME**: A trial is not appropriate as all claims are governed by ERISA 502(a)(1)(B), and therefore the Plaintiff's cause of action should be resolved by dispositive motions pursuant to *Wilkins v. Baptist Healthcare*, 150 F.3d 609.

It is so ORDERED:

_____
Aleta A. Trauger
United States District Judge

Approved for Entry by:

|  |  |
|---|---|
| ATTORNEYS FOR PLAINTIFF | BY: */s/* Hudson T. Ellis<br>Hudson T. Ellis (BPR #028330)<br>Audrey C. Dolmovich (BPR #035972)<br>ERIC BUCHANAN & ASSOCIATES, PLLC<br>414 McCallie Avenue<br>Chattanooga, TN 37402<br>(423)634-2506<br>ellish@buchanandisability.com<br>adolmovich@buchanandisability.com |
| ATTORNEYS FOR DEFENDANT | BY: */s/* Jenna Fullerton w/ permission<br>James T. Williams (BPR# 16341)<br>Jenna Fullerton (BPR #036522)<br>Miller & Martin PLLC<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, Tennessee 37402-2289<br>Telephone: (423) 756-6600<br>Facsimile: (423) 785-8480<br>james.williams@millermartin.com<br>jenna.fullerton@millermartin.com |